IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MICHAEL HEWSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION FILE |
| v. | ) |
| | ) NO. <u>1:11-CV-00014-HLM-WEJ</u> |
| CREDIT PROTECTION | ) |
| ASSOCIATION, LP. | ) |
| | ) JURY TRIAL DEMANDED |
| Defendant. | ) |
| | ) |

## PLAINTIFF'S INITIAL DISCLOSURES

**(1) State precisely the classification of the cause of action being filed, a brief factual outline of the case including plaintiff's contentions as to what defendant did or failed to do, and a succinct statement of the legal issues in the case.**

This civil action is pled in six counts alleging that Credit Protection Association, L.P. (hereinafter, "Defendant") engaged in debt collection practices which violated the Fair Debt Collection Practices Act ("the FDCPA"), 15 U.S.C. § 1692 *et seq*. Plaintiff has pled the action as a class action in order to seek a remedy that will protect not only him but also other consumers throughout the United States and its territories with the same operative facts.

Plaintiff alleges that the Defendant violated the FDCPA by mailing to Plaintiff certain notices concerning a consumer debt allegedly owed the Defendant. Said notices were mailed by the Defendant to Plaintiff as well as other consumers and violated the FDCPA in a number of respects, including using false, misleading or deceptive representations from the Defendant concerning the character amount, or legal status of the alleged debt; using false, misleading or deceptive representations, generally; and said notices failed to include certain statutorily required language which is intended to advise the consumer of certain rights in the event that the consumer disputes the alleged debt. Defendant denies that its mailings violated the FDCPA.

Specifically, the Plaintiff and others similarly situated received, during the one year period prior to January 3, 2011, notices which failed to contain the statutory language required by 15 U.S.C. § 1692g to inform the consumer that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the

consumer by the debt collector; or a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

Additionally, the notices sent by the Defendant to Plaintiff and others similarly situated indicated that "As of today a 'delete' request has been forwarded to each of the national credit bureaus to remove negative information about this debt from your credit report," which was patently untrue.

Additionally, the notices sent by Defendant also state to Plaintiff that "If you pay your account, we will not report your debt back to the credit bureaus." Said statement represents an action that Defendant cannot legally be taken or that is not intended to be taken.

The notices sent by Defendant to Plaintiff and others similarly situated states on its face that it is a "Collection Notice" and contains the wording "PAY NOW!" Said statement is clearly calculated to intimidate consumers into making immediate payment to CPA by implying that if they did not do so then CPA would "report [the] debt back to the credit bureaus."

The legal issues to be tried are as follows:

1. Whether Defendant's dunning notice complies with the requirements of 15 U.S.C. § 1692g;

2. Whether the content of Defendant's dunning notice violates 15 U.S.C. §1692e(8) and the general prohibition of false, misleading or deceptive representations, in that it implied that "negative information" concerning the alleged debt is already reflected on Plaintiff's credit report an that Defendant has taken affirmative steps to remove said negative information when such is not the case since this vaguely described action cannot legally be taken or did Defendant have any intent to take such action;

3. Whether Defendant's dunning notice violates 15 U.S.C. § 1692e(5) and the general prohibition of false, misleading or deceptive representations, in that it represents an action that cannot legally be taken or that is not intended to be taken by Defendant;

4. Whether Defendant's dunning notice violates 15 U.S.C. § 1692e(10) and the general prohibition of false, misleading or

|   |   |
|---|---|
|   | deceptive representations, in that it is clearly calculated to intimidate consumers into making immediate payment to CPA by implying that if they did not do so then CPA would "report [the] debt back to the credit bureaus"; |
| 5. | Whether Defendant's dunning notice violates 15 U.S.C. § 1692e(2)(A) and the general prohibition of false, misleading or deceptive representations, in that it contains a false representation concerning the character, amount, or legal status of a debt allegedly owed by Plaintiff; |
| 6. | Whether Defendant's dunning notice violates 15 U.S.C. 1692e(12) and the general prohibition of false, misleading or deceptive representations, in that it contains the deceptive and misleading wording which implies that the debt allegedly owed by Plaintiff has been turned over to innocent purchasers for value; |
| 7. | Whether a class should be certified, defined as: |

> All persons throughout the United States and its territories who, without regard to the validity or amount of the debt alleged to be due, during the one year period prior to January 3, 2011, were sent notices similar to Exhibit E of the original complaint which failed to contain the statutory language required by 15 U.S.C. §

1692g informing the consumer that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; or a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

8. Whether the defined class is so numerous that joinder of all members is impractical;

9. Whether there are questions of law and fact common to the class which predominate over any questions affecting only individual class members;

10. Whether the Plaintiff and Plaintiff's counsel are adequate representative of the proposed class;

11. Whether Plaintiff's claims are typical of the claims of the class; and

12. Whether a class action is a superior method for the fair and efficient adjudication of this controversy.

13.     If a violation is deemed to have occurred with respect to the mailings to Plaintiff, the amount of statutory and actual damages, attorney's fees and costs to which the Plaintiff is entitled.

14.     If a violation is deemed to have occurred with respect to the mailings to the class, the amount of statutory and actual damages, attorney's fees and costs to which the class is entitled.

**(2) Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which plaintiff contends are applicable to this action.**

   a. Statute: The relevant statute is the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692, specifically, 15 U.S.C. § 1692e(2), e(5), e(8), e(10), e(12), g, and k.

   b. Standards:

      i. Regarding the allegations that Defendant's conduct violated 15 U.S.C. § 1692e the appropriate standard of analysis is that of the least sophisticated consumer. Jeter v. Credit Bureau, 760 F.2d 1168 (11th Cir. Ga. 1985).

    ii. 15 U.S.C. § 1692g is a strict liability statute and an unintentional violation of the validation requirements violates this section, subject to a bona fide error defense. <u>Booth v. Collection Experts</u>, 969 F. Supp. 1161 (E.D. Wis. 1997). However, where validation notice language is included in a communication to a debtor the validation notice is to be interpreted from the perspective of the least sophisticated debtor. <u>Wilson v. Quadramed Corp.</u>, 225 F.3d 350 (NJ CA3, 2000).

    iii. 15 U.S.C. § 1692k is a strict liability provision subject to a 'bona fide error" defense. <u>Hepsen v. Resurgent Capital Srvs., LP</u>, 383 Fed Appx. 877 (11th Cir. Fla. 2010), and <u>Edwards v. Niagara Credit Solutions, Inc.</u>, 584 F.3d 1350 (11th Cir. Ga. 2009).

c. Damages: 15 U.S.C. 1692k provides that any debt collector who fails to comply with any provision of the Act is liable to such person in amount equal to the sum of actual damages; a maximum amount of statutory damages of $1,000, or in the case of a class action, such amount as the court may allow for all other class members without regard to a minimum individual recovery, not to exceed the lesser of

$500,000 or 1 per centum of the net worth of the debt collector; and the costs of the action, together with reasonable attorney's fees as determined by the court.

(3) **Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information. (Attach witness list to Initial Disclosures as Attachment A.)**

Please see attachment A.

(4) **Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed.R.Civ.P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule. (Attach expert witness list and written reports to Responses to Initial Disclosures as Attachment B.)**

Please see Attachment B.

(5) **Provide a copy of, or a description by category and location of, all documents, data compilations or other electronically stored information, and tangible things in your possession, custody, or control**

**that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Initial Disclosures as Attachment C.)** Please see Attachment C.

(6) **In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying as under Fed.R.Civ.P. 34. (Attach any copies and descriptions to Initial Disclosures as Attachment D.)**

    a. Actual Damages: to be determined;

    b. Statutory Damages: $1,000 to Plaintiff and such amount as the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector; (15 U.S.C. § 1692k);

    c. Attorney's Fees: to be determined following dispositive motion or subsequent to trial, said fees being determined by the Court; (15 U.S.C. § 1692k);

    d. Costs: to be determined at the conclusion of the case by dispositive motion or by trial (15 U.S.C. § 1692k).

**(7)  Attach for inspection and copying as under Fed.R.Civ.P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment. (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)**

Plaintiff is unaware of any insurance agreement at this time but discovery is not yet complete.

**(8)  Disclose the full name, address, and telephone number of all persons or legal entities who have a subrogation interest in the cause of action set forth in plaintiffs' cause of action and state the basis and extent of such interest.**

There are no persons or legal entities that have a subrogation interest in this cause of action.

Respectfully submitted, this 6th day of May, 2011.

                **JOYNER & WALL, P.C.**

                s/ James H. Wall
                James H. Wall
                Georgia Bar No.:

Joyner & Wall, LLP
Mill Creek Forrest, Suite 130
1305 Mall of Ga. Blvd.
Buford, Georgia 30519
(770) 614-6415
Facsimile: (770) 614-7678
jwall@cdavidjoynerpc.com

                **HURT, STOLZ & CROMWELL, LLC**

                s/ James W. Hurt, Jr.
                James W. Hurt, Jr.
                Georgia Bar No. 380104

650 Oglethorpe Avenue, Suite 6
Athens, Georgia 30606
(706) 395-2750
Facsimile: (866) 766-9245
jhurt@hurtstolz.com                **ATTORNEYS FOR PLAINTIFF**

## ATTACHMENT A – WITNESSES

At this time, plaintiffs have not decided exactly which witnesses to call in this action. Thus, the following constitutes a non-exhaustive list of those individuals who may have knowledge of facts relative to the allegations in the complaint.

Fact witnesses:

1. Michael Hewson;

2. Sharon Hewson, wife of Plaintiff, other family members and co-workers of Plaintiff;

3. Various employees of Credit Protection Association, L.P.;

4. Various employees of Charter Communications;

5. A corporate representative from both Credit Protection Association, L.P., and Charter Communications.

## ATTACHMENT B – EXPERT WITNESSES

At this time Plaintiffs have not decided who will be called as witnesses in this action, however, no trial experts have been retained at this time.

## ATTACHMENT C – DOCUMENTS

Plaintiffs have not made a final determination as to those documents or exhibits that will be used or tendered in this action as discovery is not yet complete. However, the following constitutes a non-exhaustive list of those documents which may contain information relevant to the allegations of the complaint.

1. The exhibits attached to the original complaint;
2. Defendant's collection records, internal documents and procedures;
3. Defendant's collection correspondences to Plaintiff and other members of the class;
4. Phone records of Plaintiff and Defendant.

## ATTACHMENT D – DOCUMENTS

At this time Plaintiffs have not decided what exhibits will be tendered in this action as discovery is not complete. At this time Plaintiffs have identified no documents on the issue of damages other than those listed above in Attachment C.

## ATTACHMENT E – DOCUMENTS

Plaintiffs are not in possession of any document responsive to this request at this time.